# EXHIBIT G



Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
+1 213 457 8000
Fax +1 213 457 8080
reedsmith.com

**Richard C. Giller**
Direct Phone: +1 213 457 8028
Email: rgiller@reedsmith.com

October 11, 2018

Via Email (robert.flannery@mendes.com)

Robert M. Flannery
Equity Partner
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019

Re: **Athlete Permanent Total Disability Insurance**
   Policy Nos.: 1478704; B1132HGBA15062712; B1132HGBA16062199
   Policy Terms: December 23, 2014 - December 23, 2017
   Assured: Roc Nation I.R.O. Andre Ward
   Claim: **Permanent Total Disability as of September 8, 2017**
   Your File: 429.635

Dear Mr. Flannery:

We are in receipt of your letter dated October 10, reiterating the outright denial of coverage under Policy No. B1132HGBA16062199 (covering the period December 23, 2016 to December 23, 2017) for the permanent total disability claim of boxer Andre Ward. It has now been 1-year since Mr. Ward submitted his Disability Insurance Claim Form to Lloyd's seeking coverage under any policy issued by Lloyd's. According to your October 10 letter, Lloyd's continues to deny coverage for Mr. Ward's claim and that decision is based entirely on the contention that the disabling injury identified by Mr. Ward in his claim form occurred before inception of the only policy you have reviewed or analyzed; *i.e.*, the 2016-17 Policy.

What your recent letter fails to explain is why the Lloyd's coverage analysis was limited to the 2016-17 Policy or why neither Empirical Loss Management (Empirical) nor your office analyzed coverage for Mr. Ward's claim under the Policy in place at the time of his October 2016 injury; *i.e.*, Policy No. B1132HGBA1602712 (covering the period December 23, 2015 to December 23, 2016). This omission is curious in light of the fact that the 2016-17 policy not only renewed the 2015-16 policy but also because both policies were issued pursuant to the same authority reference number identified on the Declaration Page of the respective policies. The 2015-16 policy was issued under Authority Ref. No. **HGBA15062** (the first two numbers appear to correlate to the policy inception year) while the 2016-17 policy was issued under Authority Ref. No. **HGBA16062**. There is Security List identifying the eight Lloyd's syndicates (including their relative percentages) subscribing to the 2015-16 policy but no such list is attached to the 2016-17 Policy. However, because the 2016-17 Policy renewed the 2015-16 Policy and the authority reference number is identical, the subscribing syndicates may well be the same.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-143141803.1

Robert M. Flannery
October 11, 2018
Page 2

**ReedSmith**

The failure of Lloyd's to address coverage for this loss under the 2015-16 Policy is even more curious because, as part of the Claim Form submitted to Lloyd's on his behalf, Mr. Ward did not identify -- nor was he asked to identify -- any particular insurance policy under which he was seeking coverage or under which coverage actually exists for his loss. As a result, we would appreciate any information you might be able to provide concerning the identity of the person or persons who have been retained, either in a claims capacity or a legal one, to represent the interests of the underwriters subscribing to Mr. Ward's 2015-16 Policy (a policy which was renewed by the underwriters subscribing to the policy you have been retained to represent).

It would have been very helpful during the adjustment of Mr. Ward's claim if Empirical had not taken 11-months to respond to the initial submission and, once the adjuster finally responded, it would have also been helpful if the claims adjuster had not spent three pages of her denial letter analyzing policy definitions, exclusions and doctors reports requiring a response, only to have the claim later denied by counsel based solely on the contention that the injury Mr. Ward sustained took place during a prior policy period.

We look forward to receiving a response to our request that Lloyd's and/or Empirical identify the subscribing underwriters and the proper claims handling facility related to the 2015-16 Policy so that this claim might finally be properly adjusted a year after having been submitted.

Very truly yours,

Richard C. Giller

RCG:jm