IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WARD, an individual; ROC NATION SPORTS, LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, Subscribing to Certificate No. B1132HGBA15062712; and, INTERNATIONAL SPECIALTY INSURANCE, INC., a North Carolina Corporation,<br><br>Defendants.<br>_____<br><br>AND RELATED CROSS-CLAIMS AND THIRD-PARTY CLAIMS<br>_____ | No. C 18-07551 WHA<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

In connection with their opposition to a motion for leave to implead third parties, Plaintiffs filed an administrative motion to file an exhibit under seal (Dkt. No. 99). Specifically, plaintiffs introduce a chain of emails from the various brokers and adjusters involved in the underlying insurance dispute and seek to redact only the email from their retail insurance broker, claiming it exposes confidential clientele information.

Because the underlying motion for leave was more than tangentially related to the merits of the case, "compelling reasons supported by specific factual findings" are required to warrant sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Our district

further requires that such motions "be narrowly tailored to seek sealing only of sealable material." C.L.R. 79-5. Supporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable standard. Requests not narrowly tailored to seek sealing only of sealable material shall be denied.

The supporting declaration does not provide compelling, specific reasons to keep this information sealed. Instead, it relies on vague boilerplate language — variously referring to the information as sensitive, closely guarded, confidential, and highly competitive — and nebulous assertions of potential harm: "Any mention of the nature of the relationships and the inner workings of these relationships in the public record has a strong likelihood of creating reputational ripple effects that may be damaging to these businesses." Finch Decl. ¶ 6. The motion further fails because the proposed redactions are not narrowly tailored to the portion of the email referencing the purportedly sealable clientele information. Rather, plaintiffs seek to scrub the entire email sent by the retail insurance broker, including the broker's personal identity. To the extent plaintiffs base this motion solely on the broker's nonparty status, such status will not provide blanket cover. As discussed at the hearing on the underlying motion, the retail broker, although not a party, may play a central role in this dispute. To the extent plaintiffs contend that their broker, as a nonparty, cannot make confidentiality designations, plaintiffs are advised to review the operative protective order granted by Judge Spero (Dkt. No. 50).

For the foregoing reasons, plaintiffs' request is **DENIED**. Plaintiffs shall file a revised version of their exhibit, in comport with this order, on the public docket by **DECEMBER 20 AT NOON**.

**IT IS SO ORDERED.**

Dated: December 10, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2